UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LOUIS FERRARA,

        Plaintiff,

v.                                  CIVIL ACTION NO. _____

NATIONAL HOSPITALITY SERVICES, LLC

AND

OTIS ELEVATOR COMPANY,

        Defendants.

**SERVE**:    National Hospitality Services, LLC
              ATTN: INCORP SERVICES, INC., Registered Agent
              7288 Hanover Green Drive
              Mechanicsville, VA 23111

**SERVE**:    Otis Elevator Company
              ATTN: C T CORPORATION SYSTEM, Registered Agent
              4701 Cox Road, Suite 285
              Glen Allen, VA  23060 - 6808

## **COMPLAINT**

Plaintiff, by counsel, hereby moves this Court for judgment and execution against the Defendants, jointly and severally, for the following:

1.    This cause of action arose on or about May 18, 2021, in Virginia Beach, Virginia, within the Eastern District of Virginia and, specifically, within the Norfolk Division of this Court.

2.    At all relevant times, the Defendant, National Hospitality Services, L.L.C. (hereinafter "NHS"), was, and is, a corporation organized and existing under the laws of the State of Indiana with its principal place of business in the State of North Dakota.

3. At all relevant times, the Defendant, Otis Elevator Company (hereinafter "Otis"), was, and is, a corporation organized and existing under the laws of the State of New Jersey and with its principal place of business in the State of Connecticut.

4. At all relevant times, the Plaintiff was, and is, a resident of the State of New York.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) in that the citizenship of the parties is diverse and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b) in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

7. On or about May 18, 2021, the Plaintiff was a guest at a hotel and was entering an elevator at the hotel when the elevator door malfunctioned and prematurely closed on Plaintiff, causing him substantial injuries.

8. At all relevant times, Plaintiff was using the elevator at issue in a careful and prudent manner consistent with its design and purpose.

9. Defendant NHS knew the elevator had malfunctioned in the past, failed to maintain the elevator in good working order, and failed to take the appropriate steps to correct the malfunctioning elevator so that it was safe for use.

10. Defendant Otis manufactured the elevator and breached the implied warranty of merchantability in that the Elevator was unfit for its ordinary and reasonably foreseeable use as an elevator.

11. Defendant Otis, as manufacturer, distributor, and seller of the Elevator, had an obligation to make sure it was fit for its intended purpose and for any other reasonably foreseeable purposes.

12. At the time it was manufactured, the Elevator in question was unreasonably dangerous for the use to which it would ordinarily be put.

13. At the time the Elevator left the Defendant Otis' manufacturing facility, it was in an unreasonably dangerous condition.

14. The Defendants provided no warnings of the potential danger.

15. The Defendants, jointly and severally, owed Ferrara a duty to distribute and maintain a reasonably safe product which could be used for its intended purpose and for any other reasonably foreseeable purposes.

16. The Elevator was unreasonably dangerous and defective and not sufficient for its intended purpose or any other reasonably foreseeable purposes.

17. Defendant NHS was negligent in its failure to properly maintain the Elevator in question in working order and/or failed to warn the Plaintiff of the fact that the Elevator was malfunctioning.

18. Defendant Otis was negligent in that its failure to produce a product which was reasonably safe for its normal and intended use and it failed to warn the Plaintiff or the purchaser of the product of its unreasonably dangerous characteristics.

19. As a direct result of the Defendants' conduct as set out above, the Elevator malfunctioned and closed prematurely on Plaintiff and caused him substantial injuries. Ferrara has incurred substantial medical bills, has suffered great pain, mental anguish, suffering and inconvenience. In the future, he will continue to incur all of the above. In

addition, Ferrara has been unable to handle his normal day-to-day affairs, and in the future will still be affected by the injuries caused by Defendants.

WHEREFORE, the Plaintiff prays for judgment and execution against the Defendants, jointly and severally, in the amount of TWO MILLION SEVEN HUNDRED FORTY-SEVEN THOUSAND FIVE HUNDRED NINETY-FIVE DOLLARS ($2,747,595.00), plus pre and post-judgment interest, plus all of his costs in proceeding with this matter.

Plaintiff requests a trial by jury.

**LOUIS FERRARA**

By _____
Of Counsel

Robert J. Haddad, Esquire (VSB 22298)
Shelley S. Berry, Esquire (VSB 80989)
RULOFF, SWAIN, HADDAD, MORECOCK,
　TALBERT & WOODWARD, P.C.
317 30TH Street, Virginia Beach, Virginia
Phone: (757) 671-6036
Fax: (757) 671-6004
rhaddad@srgslaw.com
sberry@srgslaw.com

4